brief do not support such contention, and we know of none which do so.

Appellant next complains of the admission into evidence of the information and judgment in the prior conviction alleged for enhancement. Both of such instruments were admissible. Fullylove v. State, 161 Tex.Cr.R. 629, 279 S.W.2d 357, and Koger v. State, 73 Tex.Cr.R. 448, 165 S.W. 577.

It is next alleged that a fatal variance existed between the complaint and the information. The complaint alleged the offense to have occurred "on or about the 9th day of January," and the information alleged "on the 9th day of January."

The information alleged that the complainant was "a competent and credible person," while the complaint made no such allegation.

We are not impressed with the claim of variance. Shelton v. State, 27 Tex. App. 443, 11 S.W. 457; Bayless v. State, 136 Tex.Cr.R. 1, 123 S.W.2d 354; and Dean v. State, 155 Tex.Cr.R. 543, 237 S.W.2d 314.

And, finally, appellant complains of the following argument:

"* * * and it is certainly in your exclusive prerogative to assess value, if any, to this alibi.

"If you accept and believe what Mr. Wilson did and accomplished, then you would be inconsistent and would have no other choice than to discount this alibi as manufactured."

In Tabb v. State, 154 Tex.Cr.R. 613, 229 S.W.2d 628, 630, we held that reversible error was not reflected by argument which referred to the testimony of one defense witness as " 'a trumped up story they have hatched up to mislead you.' " See also Hayes v. State, Tex.Cr.App., 288 S.W.2d 771; Jones v. State, 153 Tex.Cr.R. 345, 220 S.W.2d 156; and Whitefield v. State, 127 Tex.Cr.R. 460, 77 S.W.2d 229.

Finding no reversible error, the judgment of the trial court is affirmed.

Ex parte Paul RODGERS.

No. 28794.

Court of Criminal Appeals of Texas.

Feb. 6, 1957.

No attorney for appellant of record on appeal.

Leon Douglas, State's Atty., Austin, for the State.

PER CURIAM.

This is an appeal from an order of the District Court of Dallas County remanding appellant to the custody of the sheriff of Dallas County to be delivered to an agent of the demanding state.

No statement of facts accompanies the record, and no bills of exception are found therein.

The proceedings being in all things regular and no errors appearing, the judgment is affirmed.